# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

FLUID DYNAMICS HOLDINGS, LLC,
a Delaware Limited Liability Company,

Plaintiff,

vs.                                                    CASE NO.:    3:14-cv-01454-TJC-MCR

CITY OF JACKSONVILLE, et al.,

Defendants.
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT JEA'S MOTION FOR SUMMARY FINAL JUDGMENT

Plaintiff, FLUID DYNAMICS HOLDINGS, LLC ("Fluid"), by and through undersigned counsel, files its Response in Opposition to Defendant JEA's Motion for Summary Final Judgment (the "Motion"), and states as follows:

## I.        INTRODUCTION

In light of the Court's August 29, 2017 order granting JEA's Motion for Partial Summary Judgment, Fluid respectfully requests that this Court enter a final judgment in JEA's favor so that Fluid may appeal the Court's finding that JEA is entitled to sovereign immunity. Fluid's appeal will argue that JEA's entitlement to sovereign immunity is, *itself*, a question of fact that cannot be determined as a matter of law because JEA's sovereign immunity defense depends upon facts establishing that JEA is a corporation primarily acting as an instrumentality or agency of the City of Jacksonville (the "City"). This requires discovery of facts concerning the City's actual control and right to control JEA's day-to-day operations. Summary judgment is premature until Fluid obtains this discovery. The Court, however, precluded Fluid from obtaining any discovery concerning the City's control over JEA.

## II.    FACTS

1.      On December 3, 2014, Fluid filed its Complaint and Demand for Jury Trial (the "Complaint") against the City and JEA for defamation and tortious interference with Fluid's business contracts.  [D.E. 1].

2.      On March 2, 2015, JEA filed its Answer and Affirmative Defenses.  [D.E. 13]. JEA raised eighteen (18) affirmative defenses, seven (7) of which assert that JEA is entitled to sovereign immunity (the "Sovereign Immunity Defenses").  [*See* D.E. 13 ¶¶ 96, 99, 100, 101, 109, 110, and 111].

3.      On September 23, 2016, Fluid served its Notice of Taking Continued Videotaped Deposition of JEA's corporate representative with respect to the facts underlying the Sovereign Immunity Defenses (the "Rule 30(b)(6) Notice").  The Rule 30(b)(6) Notice identified seventeen subject matters that are relevant to whether JEA is entitled to sovereign immunity.  Specifically, through this deposition, Fluid sought information regarding (i) the degree of control (if any) the City exercises over JEA's day-to-day operations; (ii) the instances in which the City exercises any control over JEA; (iii) whether JEA acts *primarily* for the benefit of the City; (iv) JEA's management structure and whether it includes City personnel; (v) the control, if any, the City has over JEA's budget and finances; (vi) JEA's sources of revenue and funding; and (vii) judgments paid by the JEA.

4.      In addition to the Rule 30(b)(6) Notice, on September 23, 2016, Fluid also served its second set of interrogatories on JEA, which request JEA to state all facts upon which JEA bases its Sovereign Immunity Defenses (together, the Rule 30(b)(6) Notice and the second set of interrogatories are referred to herein as "Fluid's Discovery").

2

5. On October 27, 2016, JEA objected to Fluid's interrogatories and, on November 9, 2016, JEA filed a Motion for Protective Order asserting that no discovery is required because JEA is entitled to sovereign immunity as a matter of law. [D.E. 46]. On November 22, 2016, Fluid filed its Response in Opposition to JEA's Motion for Protective Order. [D.E. 47].

6. On January 2, 2017, (only one day prior to the hearing on the motion for protective order) JEA filed its Motion for Partial Summary Judgment on the issue of whether JEA is immune from tort liability except to the extent that it is waived in § 768.28, Fla. Stat.

7. On January 3, 2017, the Court heard argument of counsel on JEA's Motion for Protective Order. During that hearing, the Court inquired about the history of JEA's entitlement to sovereign immunity and ordered JEA to file a Notice of Supplemental Authority providing all decisions extending sovereign immunity to JEA, which JEA filed on January 20, 2017 [D.E. 55].

8. On February 10, 2017, Fluid filed its Response in Opposition to JEA's Motion for Partial Summary Judgment, [D.E. 56], and, with the Court's permission, JEA filed a Reply [D.E. 59] and Fluid filed a sur-reply [D.E. 60].

9. On August 29, 2017, the Court entered an order finding that the JEA is "entitled to sovereign immunity such that Florida Statute § 768.28, which governs tort claims against governmental entities, applies to tort actions against JEA[.]" [D.E. 63]. Based on that finding, the Court also granted JEA's Motion for Protective Order thereby precluding Fluid from taking any discovery on JEA's sovereign immunity defenses. [D.E. 63].

10. On December 15, 2017, JEA filed its Motion for Summary Final Judgment on the grounds that Fluid failed to satisfy conditions precedent to maintain its action against JEA by failing to provide pre-suit notice to the Department of Financial Services as required by § 768.28(6), Fla. Stat.

11.     While Fluid acknowledges that it did not provide pre-suit notice to the Department of Financial Services, such notice is only required where the named defendant is a state agency that is afforded the protections of § 768.28.  Fluid contends that JEA is not entitled to the protections of § 768.28 and, therefore, no pre-suit notice was required.

### III.     ARGUMENT

#### A.  Pre-Suit Notice is Only Required if JEA is Entitled to Sovereign Immunity

"[T]he Florida Supreme Court recognized that compliance with the notice requirements of subsection 768.28(6) is a condition precedent to maintaining a suit against a governmental entity."  *Sheriff of Orange County v. Boultbee*, 595 So.2d 985, 986 (Fla. 5th DCA 1992) (citing *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010 (Fla. 1979)).  "Pursuant to the statute, a plaintiff must satisfy the notice requirements prior to maintaining a lawsuit against a subdivision of the State, 'and the complaint must contain an allegation that such notice was given.'"  *Schaeffer v. School Bd. of Broward County, Fla.*, 69 F.Supp.3d 1327, 1329 (S.D. Fla. 2014) (quotations and citations omitted).  Further, "the notification requirement applies solely to state-law tort claims.  Indeed, '[t]he sole purpose for the enactment of section 768.28 was to waive sovereign immunity for breaches of common law torts.'"  *Id.* at 1330 (quotations and citations omitted).

While Fluid disputes the Court's finding that JEA is entitled to the sovereign immunity protections of § 768.28, an issue Fluid intends to raise on appeal, Fluid concedes that it did not provide pre-suit notice to the Department of Financial Services and, as such, final summary judgment should be entered in favor of JEA.

4

**B. The Court's Order Granting Partial Summary Judgment is Not Immediately Appealable**

The Court's August 29, 2017 order finding that JEA is entitled to sovereign immunity pursuant to Fla. Stat. § 768.28 was not, itself, an appealable order.  *See Rodriguez v. Miami-Dade County*, 117 So.3d 400, 401 (Fla. 2013) ("we hold that Miami-Dade County's claim that it is entitled to sovereign immunity is not reviewable by the appellate courts through a petition for writ of certiorari because there is no irreparable harm and because there are essential facts in dispute.").

Fluid requests that the Court enter a final judgment in favor of JEA based on its prior order finding JEA entitled to sovereign immunity protections, as Fluid concedes that it did not provide pre-suit notice to the Department of Financial Services pursuant to § 768.28(6).  The entry of a final judgment will allow Fluid to challenge the Court's finding that JEA is entitled to sovereign immunity on appeal.

## IV.   CONCLUSION

Only through discovery and depositions will the factfinder be able to determine JEA's entitlement to sovereign immunity.  However, in light of the Court's findings, Fluid must concede that it did not provide pre-suit notice pursuant to Fla. Stat. § 768.28(6).  Fluid's appeal will challenge the Court's finding that JEA is entitled to sovereign immunity.

WHEREFORE, Plaintiff, FLUID DYNAMICS HOLDINS, LLC, prays this honorable Court enter a final judgment in favor of the JEA so that Fluid may appeal the Court's determination that JEA is entitled to sovereign immunity as a matter of law, and provide such other and further relief as is just and proper.

Respectfully submitted,


By: */s/ Michael D. Ehrenstein*
Michael D. Ehrenstein, Esq.
Florida Bar No. 857378
Jake M. Greenberg, Esq.
Florida Bar No. 91118
Ehrenstein Charbonneau Calderin
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
Tel: (305) 722-2002
Fax: (305) 722-2001
mde@ecclegal.com;
jmg@ecclegal.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December, 2017, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system.


By:    */s/ Michael D. Ehrenstein*
Michael D. Ehrenstein, Esq.

6